IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS P. MARTINEZ, | No. CIV S-07-2399-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| C.F. FINN, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 12) based on failure to exhaust available administrative remedies. Plaintiff has not filed an opposition.

## I. STANDARDS FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. If the court concludes that administrative remedies have not been

exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

## II.  DISCUSSION

Defendants argue that plaintiff failed to exhaust administrative remedies prior to filing suit.  In support of their motion, they provide the declarations of R. Russell, the Appeals Coordinator at Deuel Vocational Institution ("DVI"), N. Grannis, the Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation ("CDCR"), E. Medina, the Appeals Coordinator at Salinas Valley State Prison ("SVSP"), and M. Dangler, the Appeals Coordinator at High Desert State Prison ("HDSP").  Based on these declarations, defendants argue:

> Here, Plaintiff failed to exhaust his administrative remedies. Between September 28, 2005 (date of initial incarceration at CDCR) and October 18, 2007 (date of filing this Complaint), Plaintiff submitted no grievances that were accepted for review at DVI.  (Russell Decl. ¶ 3).  He submitted no grievance that was accepted for review at HDSP (Dangler Decl. ¶ 3) and submitted five grievances that were accepted for review at SVSP ([Medina] Decl. ¶ 4).  The one grievance at HDSP [Log 05-03691] concerns disability and chronic pain. (Dangler Decl. ¶ 4).  The five grievances at SVSP were requests for dental, medical, and podiatry care. (Medina Decl. ¶¶ 3-9).  These accepted grievances do not concern the allegations of this Complaint.  Further, the only grievances completed through the third and final level during the relevant time concerns requests for dental care.  (Grannis Decl. ¶ 4).

Upon reviewing the declarations and complaint in this action, the court agrees with defendants that plaintiff failed to exhaust administrative remedies by completing the prison grievance process.  In this case, plaintiff claims that defendants improperly allowed him to be released into the general population where he was attacked by another inmate.  However, none of the grievances plaintiff filed between initially being incarcerated and filing this action relates to this claim.  Further, the only grievance pursued through to the final level of review concerned medical care.  Because plaintiff did not exhaust available administrative remedies prior to bringing suit, this case must be dismissed with prejudice.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' unopposed motion to dismiss (Doc. 12) be granted;

2. This action be dismissed with prejudice; and

3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 15, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE